IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01197-BNB

LEONARD GEORGE WILSON,

    Plaintiff,

v.

ARISTEDES ZAVARAS, Executive Director, and
MARY CARLSON, Time Release Operations,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 16 2009

GREGORY C. LANGHAM
                    CLERK

## ORDER OF DISMISSAL

Plaintiff Leonard George Wilson is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Wilson initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 claiming that Defendants are violating his rights under the United States Constitution. On June 9, 2009, after reviewing the complaint, Magistrate Judge Boyd N. Boland ordered Mr. Wilson to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On June 30, 2009, Mr. Wilson filed an amended Prisoner Complaint.

Mr. Wilson has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the amended complaint at any time if the claims asserted are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*,

490 U.S. 319, 325 (1989). For the reasons stated below, the Court will dismiss the action as legally frivolous.

The Court must construe the amended complaint liberally because Mr. Wilson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Wilson alleges that he is serving concurrent prison sentences stemming from convictions in the Mesa County District Court and the Garfield County District Court. He asserts that he was sentenced to six years in prison in both cases. He further asserts that his sentence in the Garfield County case includes a three-year term of mandatory parole in addition to the six years in prison.

Mr. Wilson maintains that "[t]he purpose of this action is to seek correction of a sentence imposed by the 'Department of Correction[s]." (Am. Prisoner Compl. at 3.) He specifically claims that prison officials are violating his constitutional rights by including the mandatory parole term from his Garfield County sentence in the computation of his total sentence. According to Mr. Wilson's interpretation of the Colorado parole statutes, he cannot be required to serve a term of mandatory parole because the computation of his concurrent sentences is controlled by his Mesa County

2

sentence, which does not include a term of mandatory parole. Mr. Wilson specifically argues that his sentences create a conflict between the specific statutory provisions regarding discretionary parole and the general statutory provisions governing mandatory parole and that the specific statutory provisions governing discretionary parole control the outcome. As a result, "Plaintiff is not subject to a consecutive mandatory period of parole. Rather[,] Plaintiff is subject to discretionary parole, which is served in lieu of the prison sentence[,] not in addition to it." (*Id.* at 6.)

Mr. Wilson asserts his claims in this action pursuant to 42 U.S.C. § 1983. Under § 1983, Mr. Wilson must allege that Defendants violated his rights under the Constitution and laws of the United States while they acted under color of state law. **See Adickes v. S. H. Kress & Co.**, 398 U.S. 144, 150 (1970). Mr. Wilson specifically claims that requiring him to serve a term of mandatory parole following his release from prison violates his due process rights and the Ex Post Facto Clause of the United States Constitution.

Before considering the merits of Mr. Wilson's claims, the Court must determine whether those claims may be raised in this § 1983 action. "[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" **Wilkinson v. Dotson**, 544 U.S. 74, 78 (2005) (quoting **Preiser v. Rodriguez**, 411 U.S. 475, 489 (1973)). Mr. Wilson argues that he is not challenging the fact or duration of his confinement because he is challenging only the application of the wrong state parole statutes, not the wrong result. In support of this argument, he specifically relies on the Supreme Court's decision in **Wilkinson**.

In *Wilkinson*, the United States Supreme Court considered whether two Ohio state prisoners, William Dotson and Rogerico Johnson, alleging that they had been subjected to unconstitutional state parole procedures could bring an action for declaratory and injunctive relief under § 1983 or were limited to seeking relief under the federal habeas corpus statutes. *Id.* at 76. The Supreme Court surveyed a number of prior decisions and concluded as follows:

> These cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Id.* at 81-82. The Supreme Court ultimately determined that Dotson and Johnson could pursue their § 1983 claims because neither prisoner was seeking immediate or speedier release from confinement. *Id.* at 82.

> Success for Dotson does not mean immediate release from confinement or a shorter stay in prison; it means at most new eligibility review, which at most will speed **consideration** of a new parole application. Success for Johnson means at most a new parole hearing at which Ohio parole authorities may, in their discretion, decline to shorten his prison term.

*Id.*

In the instant action, the Court finds that the relief Mr. Wilson seeks will affect the duration of his custody. Mr. Wilson concedes that he is serving two state court sentences and that one of his sentences includes a term of mandatory parole. If Mr. Wilson is correct that he should not be required to serve that term of mandatory parole,

4

his Garfield County sentence effectively will be shortened by three years, the length of the term of mandatory parole. Therefore, the Court concludes that Mr. Wilson is not merely challenging the wrong parole procedures as he alleges. Instead, he is challenging the mandatory parole portion of his Garfield County sentence and success on his claims will reduce the length of that sentence.

In conclusion, the Court finds that the facts alleged by Mr. Wilson do not support an arguable constitutional claim pursuant to § 1983. Therefore, this § 1983 action will be dismissed as legally frivolous. If Mr. Wilson wishes to pursue his claims in federal court, he must file an application for a writ of habeas corpus. Mr. Wilson is reminded, however, that habeas corpus relief is not available unless state remedies are exhausted. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). Accordingly, it is

ORDERED that the complaint, the amended complaint, and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this 15 day of July, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01197-BNB

Leonard G. Wilson
Prisoner No. 42426
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/16/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk